WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Terry,<br><br>    Petitioner,<br><br>v.<br><br>J.T. Shartle,<br><br>    Respondent. | No. CV 15-00107-TUC-CKJ<br><br>**ORDER** |

On May 23, 2017, Magistrate Judge Eric J. Markovich issued a Report and Recommendation ("R&R") (Doc. 44) in which he recommended this Court find that it has jurisdiction over Petitioner James Terry's § 2241 petition (Doc. 1), set an evidentiary hearing, and appoint counsel for Terry in his claim of actual innocence. (Doc. 44 at 25.) Terry's § 2241 petition asserts that the holding in *Burrage v. United States*, 134 S.Ct. 881 (2014), demonstrates that he is actually innocent of the sentencing enhancement for distribution of heroin resulting in death. (*Id.*) Because of this change in law, he has not previously been given an unobstructed shot at presenting this actual innocence claim, and his § 2241 petition qualifies under the "savings clause" of 28 U.S.C. § 2255(e). Therefore, he contends the Court may grant him relief and vacate his conviction. (*Id.*)

After the R&R issued, both the parties filed objections (Docs. 47, 48), responses (Docs. 51, 53), and Terry filed a reply (Doc. 52). Soon thereafter, Terry also filed a Request for an Evidentiary Hearing (Doc. 54) and a Request for Release (Doc. 56). Terry has since filed a Writ of Mandamus with the Court of Appeals for the Ninth Circuit,

which has been denied. (Doc. 57.) Then, on November 3, 2017, Terry filed a Motion to Expedite the Decision in the Above # Cause. (Doc. 58.)

*Standard of Review*

The standard of review applied to a magistrate judge's report and recommendation is dependent upon whether a party files objections – the Court need not review portions of a report to which a party does not object. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). However, the Court must "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed.R.Civ.P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). Nonetheless, "while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154.

*Substitution of J.T. Shartle*

There being no objection by the parties, the Court adopts the Magistrate Judge's recommendation to substitute J.T. Shartle, Warden, as Respondent for "Mr. Shartle" pursuant to Rule 25(d) of the Federal Rules of Civil Procedure and Rule 43(c)(2) of the Federal Rules of Appellate Procedure.

*Factual and Procedural History*

No objections having been made to the magistrate judge's rendering of the procedural and factual history, the Court adopts those recitations. The Court will briefly reiterate facts mentioned in the R&R and supplement them with additional facts in the record that specifically address the objections by Terry and Respondent.

Terry was indicted in the Middle District of Florida on July 22, 1997 for one count of distribution of heroin in violation of 21 U.S.C. § 841(a). *See United States v. Terry,* Case No. 8:97-CR-00273-SDM-TBM ("CR. Doc."), Doc. 10. The indictment stated Terry "knowingly and intentionally distributed a quantity of heroin, a schedule I

controlled substance, and as a result of the use of the substance, death resulted to Justin Hayden and George Bakun." *Id*. The punishment for distribution of heroin resulting in death mandated an enhanced minimum sentence of twenty years to life. 21 U.S.C. § 841(b)(1)(C). In contrast, distribution of heroin without injury permitted a sentence of not more than twenty years' incarceration. *Id*.

Terry pleaded guilty to knowingly and intentionally distributing heroin on October 28, 1997. (Doc. 11-2, Exh. 2.) During the guilty plea proceedings, Terry admitted the following:

> THE COURT: Mr. Terry, did you deliver the heroin to this Gordon individual?
> THE DEFENDANT: Yes, sir.
> THE COURT: And you're aware of the fact that Mr. Justin – excuse me, Mr. Hayden and Mr. Barkman [Bakun] passed on as a result of using the heroin?
> THE DEFENDANT: Yes, sir.
> THE COURT: You're not required to make any additional statements with regards to the fact, but I always allow the defendants an opportunity to do so if they think it's important. Do you want to add anything to these facts?
> THE DEFENDANT: No, sir.

(Doc. 11-2, Exh. 1 at 27.)

Terry was scheduled for sentencing on July 14, 1998, but he absconded. (Doc. 11-3 at 22 [Tr. 78-79].) Mexican authorities later apprehended Terry and he was returned to the United States for sentencing. (*Id*.)

The United States Probation Office prepared a Presentence Investigation Report ("PSR") for Terry's sentencing. (Doc. 15.) The PSR detailed Terry's sale of heroin to Demian Gordon, who then resold it to George Bakun and Justin Hayden. (*Id.* at 6, ¶¶ 7-8) Both Bakun and Hayden ingested the heroin Terry distributed. (*Id*.) The PSR states that the same day as the sale, Bakun also ingested Xanax, cocaine, and acid, and Hayden also ingested Xanax. (*Id*.) Hayden was taken to the hospital for an overdose. (*Id.*) When released, Hayden returned to Gordon's residence where he ingested more heroin. (*Id*.) Bakun and Hayden were both found dead the following day. (*Id*.)

At sentencing, Terry stated he had reviewed the PSR and did not object to the statement of facts, but merely to the possible increase in his sentence for failing to appear on the initial sentencing date. (Doc. 11-3 at 3-4.)

The court calculated Terry's offense level as 40 with a criminal history of VI. (*Id.* at 23.) After adopting the facts in the PSR, the court imposed a life sentence. (*Id.* at 25.) The district judge explained to Terry, "I have sentenced you where I have for the reasons I have stated, *specifically because of the two deaths involved*, your absconding, your record, your intractability, and, frankly, your manifest lack of rehabilitation or contrition." (*Id.* at 25 (emphasis added).)

Terry appealed, and the Eleventh Circuit Court of Appeals affirmed his conviction. *See United States v. Terry,* 204 F.3d 1120 (11th Cir. 1999). While his appeal was still pending, Terry filed a § 2255 habeas petition, which was dismissed for lack of jurisdiction. (Doc. 48-1 at 5.)

Terry later filed another Motion to Vacate, Set Aside, or Correct a Sentence Pursuant to 28 U.S.C. § 2255, alleging seven grounds for relief. (Doc. 1-1 at 2.) Among them, Terry claimed that the 21 U.S.C. § 841(b)(1)(C) penalty is unconstitutionally vague and should not be interpreted as a "strict liability" enhancement. (*Id.* at 15.) In other words, the enhancement under § 821(b)(1)(C) should only apply if the drug in question was the actual cause of death. (*Id.*).

The court denied Terry's § 2255 habeas petition, and determined that the statements made by Terry at the plea hearing were sufficient to trigger the § 841(b)(1)(C) sentencing enhancement. (*Id.* at 9.) The court found that even though there was no factual finding that the heroin was the cause of death, Terry was still subject to the enhancement. (*Id.*) Citing *United States v. McIntosh*, 236 F.3d 968 (8th Cir. 2001), the court stated that the enhancement applied to Terry because "section 841(a)(1) [] imposes strict liability on the person who distributes the drugs, regardless of whether the user's death was reasonably foreseeable." (Doc. 1-1 at 16.)

Furthermore, the court stated that Terry's admission to distribution of heroin

causing death was tantamount to a factual determination of causation. (*Id*. at 9.) "This admission was the equivalent of proof beyond a reasonable doubt and a finding by a jury that Terry's distribution of heroin caused the death." (*Id.*) The court denied a certificate of appealability. (CR. Doc. 100, 101, 106.)

Terry filed a successive § 2255 habeas petition in the Middle District of Florida on July 9, 2003, which was also denied. (Doc. 48-1; Cr. Doc. 148-2 in 8:97-273-SDM-TDM (M.D. FL.).) In addition to numerous other filings, on August 23, 2012, Terry filed a § 2241 habeas petition in Eastern District of California. *Terry v. United States*, Case No. 1:12-CV-01388-MJS-HC (E.D. Cal) ("E.D. Cal. Doc."), Doc. 1. In this petition, Terry claimed he was actually innocent of the enhancement for distribution of heroin with death resulting, because he did not directly distribute the heroin to the victims. *Id.* Terry alleged he was innocent because he merely sold heroin to Gordon, who later distributed to the deceased. (E.D. Cal. Doc. 10 at 2.) He argued that Gordon was the only one who could be charged with the enhancement, since Gordon's actions resulted in death, not Terry's. (E.D. Cal. Doc. 1 at 4.) This led to an illegal sentence which should be vacated. (*Id*.) The District Court denied the petition, but granted a certificate of appealability. (E.D. Cal. Doc. 10.) Terry filed a motion for reconsideration, which the court denied, noting:

> Here, Petitioner plead to the factual basis of the crime, and does not deny that he distributed drugs to Gordon who then distributed drugs to two individuals who died from using the drugs. While Petitioner did not personally deliver the drugs to the end users, he has made an insufficient showing that he is actually innocent of delivering drugs that eventually caused the deaths of two people.

(E.D. Cal. Doc. 19 at 2-3.) The Ninth Circuit denied a certificate of appealability in the matter. (E.D. Cal. Doc. 24, 35.)

***Instant § 2241 Petition***

Terry—who is presently confined at the United States Penitentiary in Tucson—filed the instant Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Federal Custody on March 18, 2015. (Doc. 1) Like the § 2241 petition filed in

the Eastern District of California, Terry's instant petition argues that he is actually innocent of the enhancement for resulting in death because it was Gordon's sale of heroin that caused the death, not his sale to Gordon. (*Id*. at 7.) Terry further argues that at the time of his sentencing, the court determined that because his sale of heroin was a contributing factor to the victim's deaths, he was guilty of the "causing death" enhancement. (*Id.* at 6.) Since then, the United States Supreme Court's holding in *Burrage v. United States* has changed the evaluation of causation. (*Id.*) Terry believes this holding should apply retroactively to his conviction and allows the Court to vacate his sentence. (*Id.*)

- ***Burrage v. United States***

In *Burrage,* a jury found the defendant guilty of distribution of heroin with death resulting from the use of the substance. 134 S.Ct. at 883. Like Terry, this exposed the defendant to a mandatory twenty-year to life sentence. *Id.* At trial, two medical experts testified that the distributed heroin was a contributing factor in the victim's death, but neither could affirmatively state that the distributed heroin was the but-for cause of death. *Id*. at 185-86. *Burrage* held that a contributing factor was insufficient; unless it could be shown that the use of the drug distributed was the but-for cause of the death, a defendant could not have his sentence enhanced under 21 U.S.C. § 841(b)(1)(C). *Id*. at 892. In addition, because the enhancement increased the minimum and the maximum sentence, but-for causation was an element of the offense that needed to be determined by a jury. *Id.* at 887. The Supreme Court used a familiar analogy to explain a but-for cause versus a contributing factor:

> Consider a baseball game in which the visiting team's leadoff batter hits a home run in the top of the first inning. If the visiting team goes on to win by a score of 1 to 0, every person competent in the English language and familiar with the American pastime would agree that the victory resulted from the home run. This is so because it is natural to say that one event is the outcome or consequence of another when the former would not have occurred but for the latter. It is beside the point that the victory also resulted from a host of *other* necessary causes, such as skillful pitching, the coach's decision to put the leadoff batter in the lineup, and the league's decision to

> schedule the game. By contrast, it makes little sense to say that an event resulted from or was the outcome of some earlier action if the action merely played a nonessential contributing role in producing the event.

*Id.* at 888.

In Terry's case, his basic assertion is that he was not the home-run hitter in the resulting deaths for two reasons. First, Terry argues he did not directly sell heroin to the two individuals who died, though he admitted in his change of plea that he sold heroin to Gordon, who then distributed it to the victims. Second, he alleges that the heroin he distributed was not the independent, but-for cause of the victims' deaths. There may have been another but-for cause of the deaths, because both decedents ingested additional drugs. Terry claims there was no evidence presented that the Government could prove that the ingestion of Terry's distributed heroin was the independently sufficient cause of death.

### *Magistrate Judge's Report and Recommendation*

Upon reviewing the briefs and the record, Magistrate Judge Markovich recommended this Court find that the allegations in Terry's § 2241 petition qualify under the escape hatch provision of § 2255, which permits the Court to exercise jurisdiction over the matter. (Doc. 44 at 25.) The Magistrate Judge further recommended to the Court that it grant Terry an evidentiary hearing and appoint counsel for such hearing. (*Id.*)

- ### *Respondent's Objections*

Respondent objects to the Magistrate Judge's recommendation of an evidentiary hearing, arguing first that the autopsy reports show that Hayden died of a heroin overdose. (Doc. 47 at 2.) Respondent also asserts an evidentiary hearing is not supported by the case law cited by the Magistrate Judge. (*Id.*) The experts in the cited cases could not determine the distributed drug was an independent cause of death. (*Id.*) In contrast, in Terry's case a heroin overdose is listed as the cause of death. (*Id.*)

Second, Respondent claims that Terry cannot show that the heroin was *not* an independently sufficient cause of death. Terry has never asserted that there was some other drug which caused the victim's deaths, only that his sale should not be considered

the but-for cause of death because there was a chain of distribution from him, to Gordon, to the decedents. (*Id.* at 3.) Therefore, Terry cannot meet his burden of demonstrating that it is more likely than not that no reasonable juror would have convicted him because (1) there is evidence showing but-for causation, and (2) there is no evidence of another cause of death. (*Id.*)

Finally, even though Respondent concedes that *Burrage* applies retroactively, he argues it is not material or relevant to Terry's claim of actual innocence because the basis of Terry's claim lies in the challenge to the chain of distribution, not an assertion that the heroin itself was not the but-for cause. (*Id.* at 4.)

- *Terry's Objections*

Terry filed objections to the R&R, objecting to his PSR, alleging ineffective assistance of trial counsel, and arguing that his plea was not entered into knowingly and voluntarily. [1] (Doc. 48 at 7, 9.) Terry also claims he was not charged with a lesser included offense.[2] Terry also believes he does not need to produce evidence to "disprove the autopsy reports."

- *Response to Objections*

In preparation for a possible evidentiary hearing, Respondent contacted the medical examiner's office. (Doc. 53 at 1.) Unable to discuss the case with the original medical examiner or toxicologist, the chief medical examiner at the office inspected the autopsy and toxicology reports. (*Id.*) Respondent attached the results of this examination

---

[1] The Court will not address these matters as they were previously addressed in the criminal appeal, and Terry has filed numerous petitions presenting these arguments. In this instance, it is not trial counsel's conduct that affords Terry the opportunity to raise the issues in his §2241 petition, but the change in statutory interpretation since his sentencing that previously prevented him from having an unobstructed shot at his claim.

[2] Terry's conviction for distribution of heroin is the convicted offense, enhanced when the distribution results in death. Terry makes no claim that he is innocent of distribution. In fact, in his objection Terry concedes that he distributed the heroin and should not be liable merely because he did not directly sell it to the individuals who died. The Court therefore limits Terry's actual innocence claim to a challenge to the sentencing enhancement for causing death, not his innocence of the offense of distribution of heroin.

to the response. (Doc. 53-1.) In them, the chief medical examiner states in the case of both victims, she was "unable to conclude with a reasonable degree of certainty that [the victims] died of acute heroin intoxication." (*Id.* at 2, 4.) Furthermore, the consultation indicates possible alternative causes of death. (*Id.*) This new evidence may support Terry's claim.

## *§ 2241 Petition*

A federal prisoner may challenge the constitutionality of his sentence by filing a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. *Harrison v. Ollison,* 519 F.3d 952, 954 (9th Cir. 2008). In a § 2255 action, only the sentencing court has jurisdiction. "Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court." *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988).

In the present case, Terry is challenging the validity of his sentence, and the appropriate filing would be under 28 U.S.C. § 2255. "There is an exception, however, set forth in § 2255: A federal prisoner may file a habeas petition under § 2241 [in the custodial court] to challenge the legality of a sentence when the prisoner's remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'" *Harrison*, 519 F.3d at 956; *Alaimalo v. United States*, 636 F.3d 1092, 1096 (9th Cir. 2011). This remedy is referred to as either the "savings clause" or "escape hatch" provision. *Alaimalo*, 636 F.3d at 1096.

This exception is limited, and a petition does not qualify under the "escape hatch" simply because a petitioner is prevented from filing successive § 2255 petitions. *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 1972); *Lorentson v. Hood*, 223 F.3d 950, 953 (9th Cir. 2000). Petitioner bears the burden of demonstrating the remedy is inadequate. *Redfield v. United States,* 315 F.2d 76, 83 (9th Cir. 1963). In the Ninth Circuit, the filing of a § 2241 petition is permitted when "petitioner '(1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim.'" *Alaimalo*,

645 F.3d at 1047 (quoting *Stephens,*464 F.3d at 898.).

///

- ***Unobstructed Procedural Shot***

To determine whether there was an "unobstructed procedural shot" the Ninth Circuit evaluates, "(1) whether the legal basis for petitioner's claim 'did not arise until after he had exhausted his direct appeal and first § 2255 motion; and (2) whether the law changed 'in any way relevant' to petitioner's claim after that first § 2255 motion." *Harrison*, 519 F.3d at 960 (quoting *Ivy v. Pontesso*, 328 F.3d 1057, 1060-61 (9th Cir. 2006)).

- ***Legal Basis Arose After Direct Appeal and First § 2255***

When considering whether the legal basis for petitioner's claim was unavailable prior to the first § 2255 petition, "a court looks to whether controlling law [in the Circuit of conviction] foreclosed petitioner's argument." *Alaimalo*, 645 F.3d 1048; *see also Stephens*, 464 F.3d at 898.

The legal basis for Terry's claim—that he was actually innocent of the enhancement because his distribution was not the but-for cause of death—was not feasible prior to his first § 2255 petition. This is because prior to *Burrage,* drug distribution need only be a contributing factor to enhance a defendant's sentence if it resulted in death. As applied to Terry's case, if Terry's distribution of heroin only contributed to the victims' deaths, it automatically made him guilty of the sentencing enhancement. So, prior to *Burrage*, Terry's argument that he was actually innocent of the enhancement because the heroin distributed was not the but-for cause of death was foreclosed under controlling law. Now this claim is legally supported by controlling case law. Because Terry's first § 2255 petition was filed in 2000, fourteen years before the holding in *Burrage,* he has not had an unobstructed shot at presenting his claim. (Doc. 1-1 at 2.)  In fact, Terry attempted to raise his but-for argument in his first §2255 petition in the Middle District of Florida, but he was prevented from doing so because the law at that time imposed strict liability under § 841(b)(1)(C). (Doc. 1-1 at 16.)

- 10 -

- ***Change in Law Relevant to Terry's Claim***

After a *de novo* review, for the reasons stated in the R&R, and there being no objections by either party, the Court agrees with the Magistrate Judge's well-reasoned determination that *Burrage* constituted a material change to a substantive area of criminal law, and may be applied retroactively on collateral review. (Doc. 44 at 9-16.) In addition, the holding in *Burrage* narrows the scope of the statute for the death resulting enhancement, making certain conduct that was previously criminal no longer a crime.

But, in order for *Burrage* to affect Terry's claim and demonstrate ineffectiveness of a § 2255 remedy, the holding in this decision must also "effect a material change in the *applicable law*." *Alaimalo,* 645 F.3d at 1047 (quoting *Harrison,* 519 F.3d at 960) (emphasis added). In other words, the narrowing of the scope must also be applicable to the law applied in Terry's case.

Respondent argues that despite the retroactivity of *Burrage,* the Court still may not exercise jurisdiction over the matter because the change in law was not relevant to his § 2241 claim. Respondent states it is irrelevant because Terry's § 2241 petition merely argues that he is actually innocent because he distributed to Gordon, not the victims, but never argues actual innocence because his distribution was not the but-for cause of death.

The Court disagrees. Terry has raised both issues in this § 2241 petition. When Terry was convicted, the drugs he distributed needed only to be a contributing factor to the victims' deaths. After *Burrage*, that standard changed. The heroin now needs to be "an independently sufficient cause of the victim's death;" in other words, the but-for cause of death. *Burrage*, 134 S. Ct. at 892.

This new standard is relevant to Terry's claim. If Terry can demonstrate the heroin he distributed was not the but-for cause of the victims' deaths, it makes his action which was previously criminal no longer criminal, and supports his claim of actual innocence.

///

*Actual Innocence*

In the Ninth Circuit, "[a] petitioner is actually innocent when he was convicted for conduct not prohibited by law." *United States v. Avery,* 719 F.3d 1080, 1085 (9th Cir. 2013) (quoting *Alaimalo*, 645 F.3d at 1047). To determine actual innocence for the purposes of a § 2241 habeas motion, the petitioner "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Id.* at 1047.

While it is yet to be determined whether "a petitioner may ever be actually innocent of a noncapital sentence for the purposes of qualifying for the escape hatch . . . some of our sister circuits have recognized exceptions to the general rule that a petitioner cannot be actually innocent of a noncapital sentence under the escape hatch." *Marrero v. Ives,* 682 F.3d 1190, 1193-94 (9th Cir. 2012). These exceptions include instances where: (1) "a subsequent clarification of the statute under which [a defendant] was convicted rendered him actually innocent of the crime of conviction," (2) a defendant "received a sentence for which he was statutorily ineligible" or was beyond the statutory maximum, and (3) "the sentence resulted from a constitutional violation." *Marrero*, 682 F.3d at 1195. In addition, an evidentiary hearing is mandatory in a § 2255 petition if there is a factual dispute that could afford the petitioner relief if found to be true. *United States v. Chacon-Palomares,* 208 F.3d 1157, 1159 (9th Cir. 2000).

Here, Terry challenges his eligibility for the statutory sentencing enhancement. The Court finds that Terry's argument raises a factual dispute—that because he is actually innocent of the sentencing enhancement, he is statutorily ineligible to receive the mandatory minimum twenty years and maximum life sentence enhancement. Instead, he should only be exposed to the sentence for distribution of heroin, which carries a maximum of twenty years' incarceration. Terry has already served over twenty years, and therefore was given a sentence beyond the permitted maximum sentence.

If the Court, after an evidentiary hearing, finds this factual dispute in favor of Terry, and determines that it was unlikely a jury would have ruled against him given the

present state of the law, Terry may be entitled to relief. Therefore, the Court must grant Terry an evidentiary hearing. This hearing is limited to the issue of whether the heroin Terry distributed was the but-for cause of the victims' deaths and whether Terry can show by a preponderance of the evidence that it is more likely than not that no reasonable juror would have found him guilty of the enhancement. *Avery,* 719 F.3d at 1085.

To be clear, the evidentiary hearing to evaluate but-for causation *does not* include Terry's argument that simply because he did not directly give the heroin to victims, he cannot be liable for their deaths. The Court agrees with the Magistrate Judge's conclusion: Terry has unsuccessfully raised this argument previously, and *Burrage* does not change this evaluation. Terry has admitted to illegal distribution of heroin. The issue here is whether the heroin Terry illegally distributed was the singular cause of the victims' deaths or simply a contributing factor. If it was a contributing factor, the issue remains whether no reasonable juror would have convicted him of causing death.

***Difference in Circuit's Interpretation of Permissible § 2241 Challenge***

The Court acknowledges that the Ninth Circuit's interpretation of when a § 2255 petition is 'inadequate and ineffective to test the legality of his detention' differs from the Eleventh Circuit—Terry's circuit of conviction. In the Eleventh Circuit, a recent case, *McCarthan v. Dir. of Goodwill Industries-Suncoast, Inc*. 851 F.3d 1076, 1086 (11th Cir. 2017) held that "a change in caselaw does not make a motion to vacate a prisoner's sentence 'inadequate or ineffective to test the legality of his detention." The Eleventh Circuit held that even when an argument "conflicts with circuit precedent" a § 2255 petition is not inadequate under the savings clause unless the petitioner was procedurally unable to raise the claim. *Id.* at 1088. Therefore, because Terry's claim is founded on a change in statutory interpretation, he would not be afforded relief in his state of conviction because procedurally he could (and did) raise his claim—albeit unsuccessfully—in his first § 2255 petition.

In contrast, in the Ninth Circuit, a prisoner may contest the legality of a sentence under § 2241 if he demonstrates actual innocence and no unobstructed procedural shot.

*Alaimalo*, 645 F.3d at 1047. Actual innocence can be shown when a change in case law has made a petitioner's conduct no longer criminal. *Avery,* 719 F.3d at 1080. The change in statutory interpretation outlined in *Burrage* as applied to Terry's case affords this Court the ability to hear Terry's § 2241 petition because of the possibility that Terry can meet his burden—demonstrating both he is no longer guilty of the enhancement and that he has not had an unobstructed shot at presenting his claim.

Nontheless, "[t]he savings clause . . . was not intended to give petitioners a chance to 'forum shop' for a sympathetic court or to have multiple 'bites at the apple' from different courts, but rather to insure that every petition had *at least one chance* to raise a legal claim. *Svete v. Doe*, 1:14-CV-02091-JLT, 2015 WL 128120, at *3 (E.D. Cal. Jan. 8, 2015) (quoting *Ivy*, 328 F.3d at 1060).

Despite the fact that Terry would be prohibited from successfully raising his § 2241 petition if he was incarcerated in his circuit of conviction, this does not change the Court's analysis. Until Congress or the Supreme Court clarifies this inconsistency in the various circuits' interpretation of the statute, the Court is bound by its circuit's precedential law. *See e.g., Bruce v. Warden Lewisburg USP,* 868 F.3d 170, 180-81 (3rd Cir. 2017) (Court exercised jurisdiction over defendant's § 2241 petition even though defendant's brother, who was convicted of same offense but incarcerated in a different circuit, was prohibited from bringing a § 2241 petition under Eleventh Circuit § 2241 standards.).

Furthermore, the Court finds that permitting Terry's § 2241 petition to go forward does not give him "multiple bites of the apple" because he was not afforded a chance to viably raise this legal claim previously. Terry has not had an unobstructed procedural shot at presenting his claim prior to his first § 2255 petition because it was only after *Burrage* that his claim of actual innocence was legally supported under controlling law. Therefore, the Court will exercise jurisdiction over Terry's § 2241 petition.

***Appointment of Counsel***

In his objections to the R&R, Terry asks to represent himself *pro se*, but requests

co-counsel to help him with obtaining "documents, or help explaining something, or [if he] needs counsel to subpoena Matt Farmer[] or Damion Gordon." (Doc. 48 at 24.)

"Co-counsel and advisory counsel are terms that have gained distinct meanings. Advisory counsel is generally used to describe the situation when a *pro se* defendant is given technical assistance by an attorney in the courtroom, but the attorney does not participate in the actual conduct of the trial. In the co-counsel situation, the attorney may participate directly in the trial proceedings with the defendant (examining witnesses, objecting to evidence, etc.)." *Locks v. Sumner*, 703 F.2d 403, 407–08 (9th Cir. 1983). "All of the circuits that have discussed the issue agree that the [] appointment of counsel [is] mandatory when evidentiary hearings are required." *United States v. Duarte-Higareda*, 68 F.3d 369, 370 (9th Cir. 1995); *see Bashor v. Risley,* 730 F.2d 1228, 1234 (9th Cir. 1984), *cert. denied,* 469 U.S. 838 (1984). The Court must also appoint counsel when the issues are so complex that failing to do so would constitute a "denial of due process." *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980).

Terry has not asked for assistance litigating his claims. He states he distrusts attorneys, and merely wants an attorney to aid in technical matters. (Doc. 48 at 24.) Therefore, it appears that Terry is requesting advisory counsel rather than co-counsel. Furthermore, Terry has been able to articulate his claims and the issues to be addressed at the hearing do not appear to be too complex. However, since it is mandatory to appoint counsel for an evidentiary hearing, the Court will do so in this instance. To address Terry's concerns, the Court will schedule a preliminary status conference to discuss the appointment as well as any other case management issues that should be addressed prior to the evidentiary hearing.

*Pending Motions*

Prior to the R&R Terry filed a Motion Objecting to the Magistrate Judge's order requesting supplemental briefing on *Burrage*. (Doc. 38.) Since the briefing already occurred prior to the R&R, the Court will deny this motion as moot.

Terry also filed a motion requesting immediate release. (Doc. 56.) Since the

purpose of the Evidentiary Hearing is to determine whether Terry is entitled to release, the Court will deny this motion with leave to raise the issue at a later time. Similarly, Terry has asked the Court to expedite its decision in this matter. (Doc. 58.) Given the unique facts of this case, the Court has prioritized its resolution. However, further acceleration of his case is inappropriate at this time. Therefore, the Court will deny the motion.

Accordingly, IT IS ORDERED:

1. The Report and Recommendation (Doc. 44) is **ADOPTED**.
2. Petitioner's Request for an Evidentiary Hearing is **GRANTED IN PART**. (Doc. 54.) The Court will grant an Evidentiary Hearing, but this hearing is limited to whether Petitioner can demonstrate: (1) the heroin he distributed was not the but-for cause of the victims' deaths, and (2) it is more likely than not that no reasonable juror would have convicted him of the death resulting enhancement.
3. A Status Conference is set for Tuesday, November 28, 2017 at 10:00 a.m. in Courtroom 5C of the Evo A. DeConcini United States Courthouse in Tucson, Arizona.

    Counsel are directed to Rule 16 of the Federal Rules of Civil Procedure for the objectives of the conference. Counsel are further directed to Rule 26 of the Federal Rules of Civil Procedure and Rule 6 of the Rules Governing Section 2255 Cases. Pursuant to Rule 26(f), counsel for both parties are directed to meet and confer prior to the conference scheduled herein to discuss the following matters:

    a. The nature and basis of Terry's claims and the possibility of settlement;
    b. The scope of discovery, and possible limitations thereof;
    c. Whether either party expects to call Petitioner as a witness;
    d. The allotted time necessary for the Evidentiary Hearing; and
    e. Any other matters which counsel feel will help resolve this matter in an efficient manner.

4. The Court appoints the Federal Public Defender as counsel for Terry for the purpose of the Status Conference. At the conference, the Court shall discuss future advisory/co-counsel for the Evidentiary Hearing.

5. Petitioner's Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Federal Custody (Doc. 1) is scheduled for an Evidentiary Hearing on Tuesday, December 13, 2017 at 10:30 a.m. in Courtroom 5C of the Evo A. DeConcini United States Courthouse in Tucson, Arizona.

6. Counsel for the Respondent shall insure that Petitioner is present for the scheduled hearings. Counsel may submit to the Court any motions/proposed orders that will facilitate Petitioner's presence at the hearing.

7. The Parties are to file their exhibit and witness lists, and exchange exhibits by Tuesday, December 5, 2017.

8. The Motion Objecting to Eric J. Markovich's Order Requesting Supplementing Briefing of Whether or Not *Burrage* is Retroactive (Doc. 38) is **DENIED** as **MOOT**.

9. Petitioner's Motion Requesting Immediate Release is **DENIED** without prejudice. (Doc. 56.)

10. Petitioner's Motion to Expedite a Decision is **DENIED**. (Doc. 58.)

Dated this 7th day of November, 2017.

*Cindy K. Jorgenson*
Honorable Cindy K. Jorgenson
United States District Judge